**UNITED STATES of America,
Plaintiff,**

v.

**Bennie Lewis EASLEY, Jr., and Tommy
Lee Warner, Jr., Defendants.**

**No. 73-774 RFP (SJ).**

United States District Court,
N. D. California.

Sept. 18, 1974.

Asst. U. S. Atty., Robert E. Carey, Jr.,
San Francisco, Cal., for plaintiff.

Ralph J. Steinberg, Berns & Steinberg, San Jose, Cal., for defendants.

## OPINION

PECKHAM, District Judge.

Warner asks the court to modify his sentence by declaring the offense of which he was convicted to be a misdemeanor. The defendant pled guilty on 8 April 1974 to second degree burglary under the Assimilative Crimes Act, 18 U.S.C. § 13, which incorporates Cal. Penal Code § 459, and was sentenced to three years probation.

Cal. Penal Code § 17 provides in part that

> [w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> . . . . .
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Under this statute Warner would be eligible to have his offense declared to be a misdemeanor, had he committed his crime within the jurisdiction of the California state courts. The question raised by defendant's motion is whether a federal court has similar authority to make this declaration.

The Assimilative Crimes Act provides that a defendant who commits an act on a federal reservation which is illegal under the laws of the state in which the enclave is located "shall be guilty of a like offense and subject to a like punishment" under the federal law. In applying this statute, the Court of Appeals for the Seventh Circuit has held that "[t]he Act itself provides for assimilation of both offense and punishment."

**144**

United States v. Sosseur, 181 F.2d 873, 876 (7th Cir. 1950). The Supreme Court has noted that the statute reflects the tendency toward a uniformity between the federal enclave and surrounding state territory. *See* James Stewart & Co. v. Sadrakula, 309 U.S. 94, 101, 60 S. Ct. 431, 84 L.Ed. 596 (1940).

If the punishment for Warner's offense is to be the same under federal law as it would have been under state law, this court must possess the authority granted California state courts by Cal.Penal Code § 17 to declare it to be a misdemeanor. This court holds therefore that the Assimilative Crimes Act incorporates the relevant provisions of Cal.Penal Code § 17.

It is ordered that Warner's sentence be modified to show that the offense of which he has been convicted is a misdemeanor.