UNITED STATES of America

v.

Larry Arthur GUYETTE.

Cr. A. No. 46–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 19, 1974.

John S. Davenport, III, Henry T. Wickham, Richmond, Va., Perry W. Sarver, Woodstock, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Appellant Larry Arthur Guyette convicted in Federal Magistrate's Court, pursuant to 18 U.S.C. § 13 (the "Assimilated Crimes Act" which incorporates, as violations of the federal criminal code, state law offenses occurring on federal property), of having violated Va.Code Ann. § 18.1–124 (1950), brings this appeal under Rule 8(a), Rules of Procedure of the Trial of Minor Offenses Before United States Magistrates asserting (a) insufficiency of the information brought against him in that the statute under which he was charged did not cover the conduct in question; and (b) that the Federal Magistrate's Court lacked jurisdiction to try and convict him for same.

## I. STATEMENT OF FACTS

The record shows that at the time the offenses were alleged to have been committed, Guyette was a member of the United States Army stationed at Fort Lee, Virginia, assigned to Company R. On at least two occasions in January 1973, the appellant approached other members of Company R in the immediate area of the company coin telephone and offered to permit them to make extended long distance telephone calls which he would charge to a credit card number purportedly belonging to his girl friend's father, in return for a payment of five dollars. Upon acceptance, Guyette would make the calls for his fellow soldiers and charged them to a nonexistent or invalid credit card number. Ultimately the phone company traced the calls to Guyette through his fellow soldiers for whom he made calls, and he was subsequently charged by "information"[1] and convicted in the Magis-

Robert B. Fitzpatrick, Washington, D. C., Seymour DuBow, Richmond, Va., for plaintiff.

1. The information reads, in pertinent part, that:

"The UNITED STATES ATTORNEY CHARGES that on or about the 17th day of

trate's Court for having violated § 18.1–124 of the Code of Virginia entitled "Unlawful Operation of Coin Box Telephone, Parking Meter, Vending Machine, etc." which reads:

[a]ny person who shall operate, cause to be operated, or attempt to operate or cause to be operated any coin box telephone, parking meter, vending machine or other machine that operates on the coin-in-the-slot principle, whether of like kind or not, designed only to receive lawful coin of the United States of America, in connection with the use or enjoyment of telephone or telegraph service, parking privileges or any other service, or the sale of merchandise or other property, by means of a slug, or any false, counterfeit, mutilated, sweated or foreign coin, or by any means, method, trick or device whatsoever, not authorized by the owner, lessee or licensee of such coin box, telephone, parking meter, vending machine or other machine; or who shall obtain or receive telephone or telegraph service, parking privileges, merchandise, or any other service or property from any such coin box telephone, parking meter, vending machine or other machines, designed only to receive lawful coin of the United States of America, without depositing in or surrendering to such coin box telephone, parking meter, vending machine, or other machine lawful coin of the United States of America to the amount required therefor by the owner, lessee or licensee of such coin box telephone, parking meter, vending machine or other machine, shall be guilty of a misdemeanor.

## II. CONCLUSIONS OF LAW

■ Since there are no Virginia cases construing code § 18.1–124, the Court must, in interpreting the statute, apply the principles of statutory construction that it believes would be used by the Supreme Court of Virginia in construing same. *Cf.* Bernhardt v. Polygraphic Co., 350 U.S. 198, 203, 76 S.Ct. 273, 100 L. Ed. 199 (1956), unless, of course, the application of state principles of statutory construction would discriminate against important federal interests. R. F. C. v. Beaver County, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 (1946).

■ The Court, as appellant urges, concludes that Code § 18.1–124 forbids only "physical" or "mechanical" means, methods, and devices of defrauding those who own and operate pay telephones and other coin operated machines, and not "verbal" fraud practiced upon a phone company by the artifice of giving the telephone operators false, invalid, or non-existent credit card number. See § 18.1–119.1:1 of the Code of Virginia (1950).

Code § 18.1–124 classifies pay telephones in the same category with parking meters, vending machines, "or other machine that operates on the coin-in-the-slot principle." The statute rather clearly contemplates fraud which is practiced upon the owners of "coin-in-the-slot" machines by physical manipulation of the machines or by refusal to pay into the machines for services given, not the verbal fraud which may be prac-

January, 1973, at Fort Lee, Virginia, on lands acquired for the use of the United States and under the exclusive jurisdiction thereof, in the Eastern District of Virginia and within the jurisdiction of this Court, LARRY ARTHUR GUYETTE did knowingly, willfully, and unlawfully operate and cause to be operated a coin box telephone by means not authorized by the owner, lessee or licensee of said coin box telephone, to-wit: by the use of a false and fraudulent telephone credit card, and did then and there

receive and obtain telephone service from said coin box telephone by the use of the aforesaid fraudulent means, without depositing in or surrendering lawful coin or other payment in the amount as required by the owner, lessee or licensee of said coin box telephone, the said LARRY ARTHUR GUYETTE then and there well knowing said meant (sic) to be false and fraudulent. (Title 18, U.S.C. Section 13 and Va.Code Section 18.1–124)

ticed upon the telephone company by deceiving its agent, the telephone operator. While the owners of all machines in this category may be "mechanically" defrauded, only the owners of coin telephones can be "verbally" defrauded.

Second, the enumeration by the statute of the kinds of practices to be proscribed lends support to appellant's contention. Code § 18.1–124 forbids the "operation" of pay telephones and other machines which operate on the "coin-in-the-slot" principle "by means of a slug, or any false, counterfeit, mutilated, sweated or foreign coin, or by any means, method, trick or device whatsoever, not authorized by the owner, lessee or licensee . . ." The statute also subjects to prosecution those who make telephone calls from pay phones and then depart "without depositing in or surrendering to such coin box telephone . . . the amount required."

The government asserts that the language "by any means, method, trick or device whatsoever" is broad enough to cover the conduct in question. As a matter of semantics that may be accurate, but the Court cannot conclude that the Supreme Court of Virginia would find Guyette's verbal deceit embraced by Code § 18.1–124. Virginia's highest court has held that criminal statutes are to be narrowly construed, see, e. g., Price v. Commonwealth, 209 Va. 383, 164 S.E.2d 676 (1968), and are not to be read as encompassing every arguable interpretation of their language. Moreover, the enactment in 1970 of legislation which apparently forbids the conduct in question, see § 18.1–119.1:1 of the Code (1950), is evidence that Virginia's General Assembly did not believe § 18.1–124 adequate to protect the phone company from verbal fraud. The Court therefore concludes both from its examination of the available statutory materials and the Virginia rule of strict construction when interpreting criminal statutes that, although Guyette may by his conduct have placed himself within the reach of some other criminal proscription, he did not violate § 18.1–124 as charged by the "information."

Appellant's claim, in which the Court concurs, that the information charged him with violation of a statute which did not in and of itself regulate the conduct in question, forms the predicate for two grounds upon which he urges reversal of his conviction. He maintains that his conviction was invalid because the Magistrate's Court lacked jurisdiction over the subject matter, and because the "information" did not sufficiently charge him with an offense so that it hindered his ability to prepare an adequate defense and subjected him to the risk of further jeopardy for the same conduct. The Government responds that appellant is now estopped by the waiver doctrine contained in Fed.R.Crim.Pro. 12(b)(2) from raising for the first time on appeal defenses going to the correctness and sufficiency of the information. The Court shall discuss in turn the appellant's asserted grounds for reversal and the government's waiver argument.

At the trial, the government introduced into evidence records of a number of calls which were allegedly made by Guyette on the same invalid, or nonexistent, credit card number. The total dollar value of the calls was not introduced into evidence at the trial because the Magistrate's Court did not believe the information material (tr. 28), although the Court apparently regarded the amount as "substantial" (tr. 29). The Court later presumably assigned a dollar value to the records of calls entered into evidence since at the sentencing it ordered the appellant to make restitution to the phone company in the amount of $206.45 in addition to sentencing the appellant to one year's incarceration with all but 35 days suspended (tr. 39).

Guyette was, therefore, convicted of defrauding the phone company of $206.45 by making phone calls and charging them to a credit card number which he knew to be invalid. In Virgin-

ia, it is a felony offense, carrying a penalty of up to ten years' confinement in the penitentiary and a fine of up to $500.00, for an individual to obtain more than $100.00 worth of phone service through the vehicle of an invalid credit card number. See Va.Code Ann. (1950), § 18.1–119.1:1. Under 18 U.S.C. § 3401(a), the United States Magistrate's Court has jurisdiction to try "minor offenses" only. In 18 U.S.C. § 3401(f), "minor offenses" is defined as "misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year." Since appellant's conduct would apparently be considered felonious in Virginia and could be punished by incarceration up to ten years in the penitentiary, it would not constitute a "minor offense" within the meaning of § 3401(f), and the United States Magistrate therefore lacks jurisdiction over the subject matter. Accordingly, unless the Court concludes that Rule 12(b)(2) estops the appellant from raising the defense of lack of jurisdiction over the subject matter on appeal, the conviction must be set aside.

As the Court has stated *supra,* appellant urges reversal on the grounds that the information was defective in that (1) it hampered his ability to mount an adequate defense because it did not properly apprise him of the offence charged; and (2) it subjected him to the risk of being put twice in jeopardy for the same conduct.

■ A criminal "information," or indictment, to meet the test of constitutional sufficiency must "(1) charge all of the essential facts of a criminal offense; (2) inform the defendant of the offense charged with sufficient clarity so that he will not be misled while preparing his defense; and (3) protect the defendant against another prosecution for the same offense." United States ex rel. Harris v. State of Illinois, 457 F.2d 191, 197 (1972), citing Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962).

■ The Court is satisfied that the information was sufficient to alert the petitioner to that conduct for which the government intended to punish.

■ The Court finds, however, that the juxtaposition of the facts describing the conduct alleged to have been committed by appellant with a criminal statute inapplicable to those facts may have so misled appellant and his counsel at trial as to impede their defense. From its review of the record, the Court concludes that appellant's trial counsel conducted a substandard defense. Whether such defense was the product of the insufficiency of the information, or lack of diligence on the part of counsel, or both, the Court has no sure way of ascertaining. Since the Court is not certain beyond a reasonable doubt that appellant's substandard defense at trial was not caused by the insufficiency of the "information," the conviction must fall. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Had appellant been charged under proper statute and been made aware of the potentially felonious nature of his conduct, he may well have sooner challenged the jurisdiction of the Magistrate's Court or asserted his right to jury trial in the District Court.

■ Finally, the Court holds that the defective "information" did not adequately protect appellant from the risk of being put in jeopardy a second time for the same conduct. Appellant could be potentially tried again by either the state or federal authorities for violation of § 18.1–119.1:1 of the Code of Virginia (1950) and there may well be doubt that his conviction for violation of § 18.-1–124 would constitute a plea in bar to the second prosecution. Consequently, the Court finds that the conviction must be set aside because the "information" did not sufficiently protect appellant from the risk of being put again in jeopardy for the same conduct. United States Constitution, Amendment V.

The Government contends that Rule 12(b)(2) now precludes appellant from

raising for the first time on appeal defenses going to the lack of subject matter jurisdiction and sufficiency of information. Rule 12(b)(2) reads that:

> [d]efenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

Important administrative policies underlie the rule requiring the defendant to raise his defenses and objections based on defects in the indictment, or information, before the trial. As Mr. Justice Rehnquist stated in Davis v. United States, 411 U.S. 233, 241, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973):

> [t]he waiver provisions of Rule 12(b)(2) are operative only with respect to claims of defects in the institution of criminal proceedings. If its time limits are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult.

■ There is no doubt that appellant and his counsel read the information before trial (see tr. at 2), and that their failure to attack the information at that time has needlessly caused the government, the federal judiciary, and the criminal justice system to waste resources and time. On the other hand, appellant has raised the defenses of lack of jurisdiction and failure of the information to charge an offense, and the rule states that those defenses shall be "noticed by the court at any time during the pendency of the proceeding." Accordingly, those defenses were not waived, and they may be validly raised for the first time upon this appeal, Carlson v. United States, 296 F.2d 909, 910 (9th Cir. 1961), and the conviction will therefore be vacated.

An appropriate order shall enter.