UNITED STATES of America, Plaintiff,

v.

Charles F. TALKINGTON, Defendant.

No. 98–9094–M–01.

United States District Court,
D. Kansas.

Dec. 22, 1998.

As Corrected March 24, 1999.

Ann H. Zgrodnik, Special Assistant U.S. Attorney, Ft. Riley, KS, for Plaintiff.

Timothy J. Henry, Assistant Federal Public Defender, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

REID, United States Magistrate Judge.

On December 14, 1998, defendant filed a motion to vacate his conviction. The defendant was charged in Ft. Riley, Kansas, in count one with driving under the influence of alcohol (DUI), a violation of 18 U.S.C. § 13 and K.S.A. 8–1567(a)(3). On September 3, 1998, defendant pleaded guilty to count one; at the time of the plea, the parties were aware that this offense was defendant's third DUI conviction within five years. On November 19, 1998, defendant was sentenced as a third-time DUI offender to a one year term of incarceration followed by a one year term of supervised release.

K.S.A. 8–1567 provides that on a third conviction within 5 years, "a person shall be guilty of a nonperson felony and sentenced to

not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500." Defendant argues that since the state considers a third time DUI offender to be a felony offense, this court lacks jurisdiction to hear the case.

18 U.S.C. § 3401(a) provides that United States Magistrate Judges have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors. Misdemeanors, under federal law, are defined as any offense ·carrying a term of imprisonment not to exceed one year, 18 U.S.C. § 3581(b), and a fine not to exceed $100,000, 18 U.S.C. § 3571(b).[1]

■ As noted above, a third time DUI conviction under Kansas law carries a maximum penalty of one year imprisonment and a $2,500 fine. The penalties fall within the parameters of a misdemeanor under federal law. Since this court has jurisdiction over misdemeanor offenses, and the penalties under K.S.A. 8–1567 fall within the definition of a misdemeanor under federal law, this court has jurisdiction.

■ Defendant would contend that this court cannot ignore the fact that Kansas has classified a third time DUI conviction as a felony, and relies on the case of *City of Junction City v. Cadoret*, 263 Kan. 164, 946 P.2d 1356 (1997). In that case, the court held that since municipal courts lack jurisdiction over felony offenses, and the state had defined a third time DUI offense as a felony, city municipal courts lack jurisdiction to charge persons with a third time DUI offense.[2] However, Kansas law does not govern the definition of a misdemeanor in federal court. The definition of misdemeanor, and the entire question of this court's jurisdiction in criminal cases, is governed solely by the Federal Rules of Criminal Procedure.

In the case of *United States v. Teran*, 98 F.3d 831 (5th Cir.1996), the defendant was charged with driving while intoxicated (DWI) in violation of the Assimilative Crimes Act (ACA), 18 U.S.C. § 13. Under the Texas DWI law, the offense was classified as a misdemeanor, but it carried a maximum penalty of two years imprisonment. The court had to consider discrepancies between federal and state law in the classification of offenses as misdemeanors or felonies. The court stated that:

In situations where incorporation of state law through the ACA results in provisions that conflict with federal policy, federal courts have declined to adopt fully state law provisions. As this Court previously stated in reviewing litigation concerning the ACA, 'federal courts have consistently declined to assimilate provisions of state law through the ACA if the state law provision would conflict with federal policy.'

98 F.3d at 834. The court then noted that they had previously held that the ACA's presumption against selective assimilation is subject to the exception permitting federal courts to decline full assimilation of state law on the basis of conflict with federal policy. Federal law defines misdemeanor and felony according to the punishment imposed for the offense. In *Teran*, the magistrate judge specifically stated that the maximum sentence that he could impose was one year, the limit of his jurisdiction. The court held that the maximum of one year imprisonment did not violate the "like punishment" clause of the ACA, and given the conflict with the state punishment range with federal policy, an exception to the ACA's customary full assimilation of state law was permitted. 98 F.3d at 835.

The same result was reached by the court in *United States v. Kelly*, 989 F.2d 162 (4th Cir.), *cert. denied*, 510 U.S. 854, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993). In that case, the defendant was convicted under a Maryland law incorporated by the ACA. The Maryland law carried a maximum penalty of 18 months incarceration. The magistrate judge assumed jurisdiction with the understanding that the maximum sentence that he could impose would be 12 months.

The defendant argued that the magistrate judge lacked jurisdiction because, under the ACA, federal law cannot assimilate a state

---

1. 18 U.S.C. § 3571(b) does allow a fine for misdemeanors of $250,000 when the misdemeanor results in death, however, that is not applicable to the facts of this case.

2. Under Kansas law, state district courts have exclusive jurisdiction to handle all felony cases.

common law crime without assimilating all of the maximum punishment provided for that crime under state law. However, the court noted that federal courts have consistently declined to assimilate provisions of state law through the ACA if the state law provision would conflict with federal policy. The court held that it makes good sense to permit the case before them to be tried by a magistrate judge. That can be accomplished by limiting the maximum sentence which the magistrate judge can impose in accord with 18 U.S.C. §§ 3401, 3571 and 3581. Such a policy promotes the efficiency of our federal criminal process by permitting offenses of the type herein involved to be tried by a magistrate judge and by not requiring all such offenses to be tried before a federal district judge. 989 F.2d at 164. *See also United States v. Kendrick,* 636 F.Supp. 189 (E.D.N.C. 1986)(same result, state DWI law carrying imprisonment for up to two years).

In the case before this court, the court finds that it need not assimilate that portion of the state DUI law stating that a third time offense is a felony since that provision conflicts with federal law governing the definition of a misdemeanor and felony. Federal law governs the definition of misdemeanors and felonies for purposes of the jurisdiction of a United States Magistrate Judge. The penalties imposed by K.S.A. 8–1567 fall within the penalties that this court can impose for misdemeanor offenses. Thus, unlike the above cases, the penalties that this court can impose are identical with those that could have been imposed had defendant committed this offense within the jurisdiction of Kansas. The only difference is that the conviction won't be deemed a "felony" under federal law. Thus, it is possible, although not altogether clear, that the defendant would not be subject to certain ineligibilities that are imposed upon those convicted of crimes classified as felonies. *See Cadoret,* 263 Kan. at 168–169, 946 P.2d 1356; K.S.A.1997 Supp. 21–4615, 21–4202 and 21–4204 (those ineligibilities include the right to vote, hold public office, serve as a juror, and possessing weapons or firearms).[3]

 According to *Teran, Kelly,* and *Kendrick,* federal magistrate judges have jurisdiction to hear cases filed under the ACA so long as the penalty imposed by the federal magistrate judge is no more than one year, even though the state statute adopted under the ACA in those cases provided for a period of incarceration for up to two years. Therefore, federal magistrate judges have jurisdiction to hear a case filed under the ACA when the penalties that a federal magistrate judge can impose are identical with those provided for by the adopted state law, even though there is a possibility that the defendant may not be subject to the same ineligibilities that he would have been subject to had he been charged in state court with the same offense.

IT IS THEREFORE ORDERED that the motion to vacate the conviction and sentence is denied.

Copies of this order shall be mailed to counsel of record for the parties.

---

**3.** It is not for this court to speculate as to what label Kansas law would give to a person convicted of a misdemeanor in federal court that would be labeled a felony if convicted in a Kansas court for purposes of the Kansas statutes creating certain ineligibilities for those convicted of felonies.

This problem is inevitable given that federal and state laws provide different definitions for felonies and misdemeanors, especially when state law offenses are adopted into federal law through the ACA. *See Teran,* 98 F.3d at 834.