**UNITED STATES of America,
Plaintiff,**

v.

**Rance CARR, Defendant.**

**Case No. 3:12–CR–100.**

United States District Court,
S.D. Ohio,
Western Division at Dayton.

Nov. 28, 2012.

Julienne McCammon, Wright–Patterson AFB, OH, for Plaintiff.

Cheryll A. Bennett, Federal Public Defender, Dayton, OH, for Defendant.

**ORDER**

MICHAEL J. NEWMAN, United States Magistrate Judge.

This is a Class A misdemeanor case for which Defendant Rance Carr consented to entry of final judgment and sentencing before a United States Magistrate Judge. On July 23, 2012, a Bill of Information charged Defendant with five counts of violating the Assimilative Crimes Act ("ACA"), 18 U.S.C. §§ 7 and 13,[1] as assimilating the Ohio Revised Code ("O.R.C."): Count One—aggravated menacing in violation of O.R.C. § 2903.21; Count Two—disrupting public services involving emergency communications in violation of O.R.C. § 2909.04(A)(1); Count Three—dis-

---

1. The ACA assimilates certain state-law offenses occurring on federal property as violations of the federal criminal code. *See Lewis v. United States,* 523 U.S. 155, 158, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998); *United States v. Couch,* 65 F.3d 542, 543 (6th Cir.1995).

rupting public services involving law enforcement response ability in violation of O.R.C. § 2909.04(A)(3); Count Four—disorderly conduct in violation of O.R.C. § 2917.11(A)(1); and Count Five—making false alarms in violation of O.R.C. § 2917.32(A)(3). Doc. 2. This matter is now before the Court upon Defendant's motion to dismiss Counts Two and Three on the grounds that the undersigned United States Magistrate Judge lacks jurisdiction over them, as they are classified as felonies authorizing a maximum prison term of 18 months under Ohio law. The Government counters that the undersigned Magistrate Judge has jurisdiction and can proceed on Counts Two and Three so long as Defendant is not sentenced in excess of twelve months. The Court has reviewed the motion (doc. 11) and the Government's memorandum in opposition (doc. 13), and held a telephone conference with counsel for both sides.

### I.

■ Pursuant to 18 U.S.C. § 3401(a), a United States Magistrate Judge has jurisdiction "to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." *See also* 28 U.S.C. § 636(a)(5) (authorizing Magistrate Judges to "enter a sentence for a Class A misdemeanor in a case in which the parties have consented"); Dayton General Order No. Day 12–03: Assignment and Reference to Magistrate Judges (eff. May 15, 2012) (clarifying that "Magistrate Judges Ovington, Newman, and Merz[ ] are specially designated to exercise jurisdiction in misdemeanor cases in this District"). Under federal law, the authorized maximum term of imprisonment for a misdemeanor is one year or less. 18 U.S.C. § 3559. Magistrate Judges may not, on the other hand, sentence a Defendant to a term of imprisonment exceeding one year, regardless of whether or not Defendant so consents. *See Gomez v. United States*, 490

U.S. 858, 871–72, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989); *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir.2008).

### II.

■ As Defendant correctly points out, under the O.R.C., Counts Two and Three are classified as fourth degree *felonies* carrying a statutory sentencing range of six to eighteen months. O.R.C. §§ 2909.04(C), 2929.14(A)(4). A felony under federal law is a crime punishable by a sentence exceeding one year. 18 U.S.C. § 3559. Accordingly, because Counts Two and Three are not misdemeanors—they are defined under state law as felonies, and they each carry an accompanying maximum sentence in excess of one year— the undersigned does not have jurisdiction to try Defendant on those Counts. *See* 18 U.S.C. § 3401(a). *Accord United States v. Guyette*, 382 F.Supp. 1266, 1270 (E.D.Va. 1974) (finding that a U.S. Magistrate Judge did not have subject matter jurisdiction to try a defendant on a criminal offense—assimilated into federal law pursuant to the ACA—that was classified as a felony and punishable by imprisonment up to 10 years under Virginia law).

This appears to be an issue of first impression in the Sixth Circuit. It raises two points of inquiry: (1) how the state-law crime is classified (*e.g.*, as a misdemeanor or a felony); and (2) the authorized maximum prison sentence for the crime. As noted above, Counts Two and Three fail under both prongs—*i.e.*, they are classified as felonies under state law and are also punishable by a prison term exceeding one year. *See* O.R.C. §§ 2909.04(C), 2929.14(A)(4).

The non-controlling decisions from other Circuits—cited by the Government in its opposition memorandum—are distinguishable. *See* doc. 13 at PageID 33 (citing *United States v. Teran*, 98 F.3d 831 (5th

Cir.1996); *United States v. Kelly,* 989 F.2d 162 (4th Cir.1993); *United States v. Talkington,* 32 F.Supp.2d 1262 (D.Kan.1998); and *United States v. Kendrick,* 636 F.Supp. 189 (E.D.N.C.1986)). In *Teran, Kelly,* and *Kendrick,* the state-law offenses—assimilated into federal law pursuant to the ACA—were classified as misdemeanors under state law, but, contrary to federal law, they authorized a maximum prison term in excess of one year. *See Teran,* 98 F.3d at 834 (a driving while impaired offense classified as a misdemeanor under Texas law, but carrying a potential prison term of up to two years); *Kelly,* 989 F.2d at 163 (an attempt to commit theft offense classified as a misdemeanor under Maryland law, but punishable up to 18 months in prison); *Kendrick,* 636 F.Supp. at 190–91 (a driving while impaired offense classified as a misdemeanor under North Carolina law, but carrying a potential two-year prison sentence). In *Talkington,* by contrast, the defendant was charged with his third driving under the influence conviction within 5 years, which, though it was classified as a felony under Kansas law, was punishable by a prison term of one year or less. *Talkington,* 32 F.Supp.2d at 1263–64. Each of these cases were deemed properly before a United States Magistrate Judge for resolution and sentencing. Here, on the other hand, the Court is presented with state-law charges that are defined in the O.R.C. as felonies and for which the accompanying statutory sentence exceeds one year.

### III.

Accordingly, the undersigned does not have jurisdiction over Counts Two and Three as they are now charged. Therefore, the Government, at this juncture, must decide whether to (1) prosecute these charges as felonies before a District Judge—*i.e.,* by obtaining an indictment or waiver of indictment, *see* Fed.R.Crim.P. 7;

or (2) voluntarily dismissing these two charges, in which case the matter can remain before the undersigned. This decision rests with the Government. As counsel for the Government and Defendant have agreed, **a status conference will be held in person on December 12, 2012 at 9:00 a.m. in the chambers of Magistrate Judge Michael J. Newman.** Counsel for the Government shall advise the Court at that time how the Government intends to proceed in this matter. A ruling on Defendant's motion to dismiss is **STAYED** in the interim.

### EXHIBIT

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 11)

The Court has been orally advised by counsel for the government that the government has elected not to proceed with Counts Two and Three of the Information. Based on the Court's analysis in its November 28, 2012 Order, Defendant's motion to dismiss those charges (doc. 11) is **GRANTED.** This case will proceed before the undersigned on the remaining Counts One, Four and Five.

**IT IS SO ORDERED.**

December 12, 2012