BILLY EDWARD JENNINGS, a/k/a WILLIAM
EDWARD JENNINGS *v.* STATE OF
MARYLAND

[No. 136, September Term, 1969.]

*Decided December 10, 1969.*

322

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*John F. Fader, II,* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

In a jury trial before Judge Edward D. E. Rollins in the Circuit Court for Cecil County on December 17, 1968, appellant Billy Edward Jennings was found guilty of the assault and battery of a jail guard and of attempting to escape from the Cecil County Jail, and was sentenced to two years imprisonment on each charge, the terms to run concurrently. From these judgments, he appeals.

Appellant raised three contentions. First, he claims that in view of his dissatisfaction with the performance

of his court-appointed counsel before trial and counsel's admissions that he had "only learned on Thursday that the matter was going to be tried [on Tuesday]" and that he "would like to have additional time to prepare for it," the denial of his request for a continuance to allow him to retain private counsel deprived him of his right to the effective assistance of counsel at his trial. Second, appellant claims that the admission into evidence of the warrants for his arrest as proof that he was legally detained at the time of his alleged escape prejudiced the jury against him. Third, he claims that there was insufficient evidence before the jury for them to find him guilty of attempted escape.

I

The granting or denial of a continuance is within the sound discretion of the trial court. *Nichols v. State,* 6 Md. App. 644; *Walter v. State,* 4 Md. App. 373. The appellant told the trial judge for the first time on the day of the trial that he was dissatisfied with the performance of his court-appointed counsel, but he gave no reason for his dissatisfaction. It is well settled that the refusal to discharge court-appointed counsel in accordance with the wishes of a defendant does not constitute error where there is nothing in the record to suggest that the attorney had not competently represented his client. *Johnson v. State,* 237 Md. 283; *Anderson v. State,* 3 Md. App. 362; *Miller v. State,* 1 Md. App. 653. We think it altogether plain that appellant's request that he be permitted to discharge his court-appointed counsel and seek to retain private counsel was, under the circumstances, properly denied; to abide by appellant's request would be to subjugate the State's judicial process to the whim and fancy of the accused and thus enable him to frustrate the judicial process. *Anderson v. State, supra,* at pages 368-369.

While it is true that court-appointed counsel told the trial judge that he wanted additional time to prepare the case, the record indicates that he had prepared and

filed pretrial motions for discovery and inspection, and for particulars and had filed exceptions to the State's answers to his discovery motion. In addition, court-appointed counsel had represented appellant at his preliminary hearing and in a *habeas corpus* proceeding and had conferred with the State's Attorney concerning the case on at least several occasions. The record also indicates that counsel had been appointed several weeks prior to trial, that he stated he had prepared the case for trial over the weekend, that he had summoned all witnesses desired by the appellant, and that he had prepared written motions for *voir dire* examination and for judgments of acquittal. The case was not a complex one. Under these circumstances, we hold that the trial judge did not abuse his discretion in denying the motion for continuance based on the allegedly inadequate preparation by court-appointed counsel.[1]

## II

Nor do we find merit in appellant's contention that the introduction in evidence of the arrest warrants to show the reason for his confinement in the Cecil County Jail prejudiced the jury against him. The warrants were valid on their face and showed that appellant had been arrested for daytime housebreaking, burglary and larceny on October 1, 1968. The record indicates that appellant would not stipulate that he was validly detained in the jail under the warrants. The State took the position, quite properly, that to prove the crime of attempted escape charged in the indictment, it was necessary for it to show that appellant was legally detained in the jail. The trial judge, in permitting the warrants to be received in evidence, told the jury that it could only consider them as bearing on the legality of appellant's detention in the jail. The contents of the warrants were read to the jury.

As one of appellant's defenses to the attempted escape charge was that he was not legally incarcerated in the

---

1. It is readily apparent from a review of the record of the trial that counsel was more than adequately prepared.

jail, and therefore had a right to escape, we think it clear that the jury was entitled to know the legal basis of the confinement; consequently, there was no error in reading the contents of the warrants to the jury, particularly where, as here, appellant refused to stipulate to the validity of the warrants, and the trial judge gave a limiting instruction to the jury to guard against the possibility of prejudice.

Of course, the warrants showed at the least that appellant was imprisoned under color of law. It is settled by the great weight of authority that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested and imprisoned as would justify his release. *Wharton's Criminal Law and Procedure* (Anderson Edition) Section 1373-1374; *Perkins on Criminal Law,* p. 431; Clark & Marshall *Crimes* (Sixth Edition), Section 14.07; Annotation, *What Justifies Escape or Attempt to Escape,* 70 A.L.R. 2d 1430.[2]

### III

Finally, we see no merit in appellant's contention that the trial court erred in denying his motion for judgment of acquittal on the attempted escape charge. The contention appears grounded on the premise that as attempted escape is a common law crime, and as the evidence showed that force was used in the attempt to escape, appellant could not, under common law principles, be guilty of any crime other than prison breach.

The indictment charged that appellant "while legally detained in the Cecil County Jail unlawfully did attempt to escape from the said Cecil County Jail, against the peace, government, and dignity of the State." The record

---

2. The rule is to be distinguished from that recognizing the right of a person illegally arrested by a police officer to use any *reasonable* means to effect his escape to the extent of using such force as is *reasonably* necessary under the circumstances. *See Halcomb v. State,* 6 Md. App. 32, 41.

indicates that appellant recognized that the indictment charged an attempt to violate Maryland Code, Article 27, Section 139 which, insofar as pertinent, provides:

> "If any offender or person legally detained and confined in the * * * jail, * * * shall escape, he shall be guilty of a felony * * *."

It is well settled that an attempt to commit an offense proscribed by statute constitutes a common law misdemeanor. *Tillett v. Warden,* 215 Md. 596; *Wharton's Criminal Law and Procedure,* Section 72; Clark & Marshall *Crimes,* Section 4.07. It has specifically been held that an attempt to escape charged under what is now Section 139 constitutes a common law misdemeanor, *Casey v. Warden,* 198 Md. 645. In *Fabian v. State,* 3 Md. App. 270, 278, we held that "escape" as used in Article 27, Section 139, "encompasses departure from lawful custody from any place of confinement, by the use of force or without the use of force as known in the common law, and so includes the common law crime of prison breach."

The evidence showed that appellant, with three other confederates, occupied cell #3 in the Cecil County Jail; that Deputy Sheriff Elwood Racine was suddenly assaulted in the cell block outside of cell #3 by appellant who struck him with an instrument later determined to be a stick; that two other prisoners were also involved in the attack on Racine; and that appellant and his confederates thereafter made an unsuccessful attempt to get the keys from the Deputy in order to escape. We think this evidence was legally sufficient to carry the case to the jury and we therefore conclude that the trial judge did not err in denying appellant's motion for judgment of acquittal.

*Judgments affirmed.*