EDWARD A. COPELAND AND WILLIE D. COVINGTON
v. STATE OF MARYLAND

[No. 1055, September Term, 1974.]

*Decided July 1, 1975.*

The cause was argued before THOMPSON, GILBERT and
MOORE, JJ.

*Stanley H. Miller, Assigned Public Defender,* for
appellants.

*James G. Klair, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, James I. Keane,
Assistant Attorney General, William A. Swisher, State's
Attorney for Baltimore City,* and *Edward Wenck, Assistant
State's Attorney for Baltimore City,* on the brief, for
appellee.

GILBERT, J., delivered the opinion of the Court.

The facts arising in the trial that led to this appeal are best characterized as bizarre. The record reveals that Willie D. Covington and Edward A. Copeland were called to trial on September 9, 1974, in the Criminal Court of Baltimore, to answer to charges of robbery with a deadly weapon and related offenses. As a result of the trial the appellants each received sentences of forty years.

When the case was called an Assistant Public Defender advised the court, on behalf of himself and another Assistant Public Defender, that the appellants had

"... expressed extreme displeasure with [both Assistant Public Defenders]; made motions in court, both written and oral, to discharge both of us and have failed and refused to cooperate with counsel for defense in preparation of the defense. This morning I went to see Mr. Covington and Mr. Copeland, I was greeted with a rash of profanity, and was told by both gentlemen that they did not want me to represent them."

The transcript also indicates that one of the attorneys had a beverage thrown at him by one of the appellants. The trial judge inquired as to why the appellants did not want the aid of the two particular Assistant Public Defenders, and the appellant, Covington, responded, "I don't want them even around me." The appellants said they did not know what the charges pending against them were, and they did not even know why they were in court. The trial judge then allowed the two Assistant Public Defenders, in open court, to strike their appearance from the case. The indictments were read to the two appellants who expressed their desire to have a lawyer represent them, and they asked for time to obtain private counsel.

It appears from what the appellants told the trial judge, that the Assistant Public Defenders, with whom the appellants took such sharp vocal exception in this case, had represented the appellants in a prior trial which terminated with the appellants receiving fifteen year sentences. The

appellants articulated that counsel had not only not done a proper job, but were incompetent, had failed to consult with appellants and were unsuited to conduct the appellants' defense. While the appellants recognized that they could not pick and choose their own counsel, *English v. State*, 8 Md. App. 330, 259 A. 2d 822 (1969), they, nevertheless, stated that they had not conferred with counsel relative to this case, had not been advised that it was coming on for trial and, in view of the bitter feeling that had arisen between counsel and the appellants, it was deemed by appellants that their best interest required that the two Assistant Public Defenders not be associated with the case. The record further reveals that a letter to Covington from the Legal Aid Bureau, dated July 23, 1974, was read into evidence. The letter states that the Assistant Public Defender assigned to represent Covington did not want to represent him on appeal from the prior conviction.

The trial judge, a District Court judge specially assigned to the Supreme Bench of Baltimore City, granted the postponement. The State was very dissatisfied with the postponement, claiming that it was ready to proceed to trial. Someone sought out the Chief Judge of the Supreme Bench who, armed with his statutory authority, declined to allow the postponement. Md. Ann. Code art. 27, § 591 (a) provides in pertinent part:

> "The day established for the trial [of a criminal case] shall not be postponed except for extra-ordinary cause sought by the moving party and only with the permission of the administrative judge of the court where the matter is pending."

The trial judge then rescinded his prior granting of the postponement and ordered the appellants to stand trial immediately, notwithstanding the fact that appellants were without the assistance of counsel.[1]

---

1. The trial judge requested, over objection from the appellants, that the two Assistant Public Defenders remain in the courtroom during the trial in order that they might offer such legal assistance as was desired by the appellants.

The trial court then announced, the appellants having elected a jury trial, that the selection of a jury would be undertaken. Appellants were afforded an opportunity to exercise peremptory challenges and challenges for cause. Each appellant repeatedly stated that he knew nothing about challenging a jury, and that he desired the services of an attorney. After a panel of twelve jurors had been tentatively selected, the appellants were asked if the jury was acceptable. Appellants responded that the jury was not acceptable, nor was the procedure being employed, because appellants needed the guiding hand of legal counsel. The trial judge patently interpreted the appellants' comments as the exercise of peremptory challenges and accordingly struck all twelve prospective jurors. Thereafter, the court began to repeat the selection process in an attempt to pick a jury. When the tentative selection of the sixth juror had occurred, that juror, referring to the proceedings taking place within the courtroom in his presence, spontaneously exclaimed, "I think it [the requiring of appellants to stand trial without counsel] is unjust, that something is definitely wrong." The judge said, "I did not hear you." The juror repeated, "I said it is unjust and something is definitely wrong that I wouldn't want to be a juror." The trial judge excused the juror and, after a bench conference with the Assistant State's Attorney, apparently out of earshot of the appellants,[2] the court allowed the Assistant State's Attorney to pose the following question to the jury: "Are there any other members who feel they could not sit as a member of the jury panel as did the last gentleman?" Twenty-three additional prospective jurors were excused when they indicated that they were in agreement "that something is definitely wrong." We share their view that "something [was] definitely wrong"; we reverse the judgments and remand the matter for a new trial.

This Court in a series of cases has been confronted with questions of waiver of counsel, trial without counsel and

---

2. Since appellants were required to represent themselves the propriety of holding the bench conference between the State and the judge, without the appellants, is questionable. *See State v. Tumminello,* 16 Md. App. 421, 435-38, 298 A. 2d 202 (1972); Md. Rule 775.

attempted efforts to discharge counsel at the "eleventh hour" in order to obtain a postponement. *See Bruce v. State,* 26 Md. App. 683, 338 A. 2d 316 (1975); *Brown v. State,* 27 Md. App. 233, 340 A. 2d 409 (1975); *Bethea v. State,* 26 Md. App. 398, 338 A. 2d 390 (1975); *Renshaw v. State,* 25 Md. App. 270, 333 A. 2d 363 (1975); *Guarnera v. State,* 20 Md. App. 562, 318 A. 2d 243 (1974); *English v. State, supra; Jennings v. State,* 8 Md. App. 321, 259 A. 2d 547 (1969). We have made clear that while an accused is constitutionally entitled to the services of counsel, he has no right, if his counsel is appointed at the expense of the State, to pick and choose his attorney. *English v. State, supra. See also Conway v. State,* 15 Md. App. 198, 289 A. 2d 862 (1972).

The State argues that appellants had ample opportunity to obtain counsel, and that our decision in *Guarnera, supra,* is dispositive of the matter now before us.

In *Guarnera,* we said at 573:

". . . [T]hat, 'The granting or denial of a continuance is within the sound discretion of the trial court' was modified by § 591 which vested the exclusive power to postpone the trial date of a criminal case in the administrative judge of the court. Even the power of the administrative judge to postpone is not entirely discretionary, but may be exercised only 'for extraordinary cause shown by the moving party.' " (Footnote omitted).

We went on to state:

"When the Legislature has expressed the will of the people by saying that the date established for the trial of a criminal case shall not be postponed except for extraordinary cause and has denied all judges except the administrative head of the court authority to exercise even that curtailed power, the message should be loud and clear to the bench, the bar, parties, witnesses, and to the public, that trials must not and will not be postponed for ordinary reasons." 20 Md. App. at 573-74.

We noted at 574 that:

> "We cannot conceive that extraordinary cause for postponement of a trial can be shown when the reasons advanced for it are not only foreseeable, but are, at best, the fault of the moving party, and may well be the very result sought for by a cunningly devised strategy. Guarnera's excuses were, as Judge Watts observed, 'on some ears ludicrous.' He clearly demonstrated that he did not want, and declined to accept, the judge's repeated offers to help in assuring the assistance of counsel in his defense, and the opportunity to bring into court a witness Guarnera claimed he wanted."

We think *Guarnera* to be inapposite to the instant case. There, Guarnera was on bail, did not cooperate with his court appointed counsel and then claimed his counsel was unprepared. We gleaned from the record in *Guarnera* that he had set out on a carefully calculated course designed to achieve delay. We do not see such facts in the present record.

Moreover, the significant factor which readily distinguishes the instant case from *Guarnera* is the letter, purportedly from the Legal Aid Bureau to the appellant, Covington, which apparently offered him the prospect of new counsel. The letter, dated July 23, 1974, reads in pertinent part:

> "I have spoken with Mr. [Assistant Public Defender], he said that he does not want to represent you for an appeal and that as soon as your appeal is noted by the Clerk of the Court the Public Defender's Office will send an investigator to see you. The investigator will also ask you about your trial and you will have your opportunity to tell your story about Mr. [Assistant Public Defender's] handling of the case.
>
> *You will also be asked if you want a different attorney.*" (Emphasis supplied).

Covington represented to the trial judge that sometime after

receipt of the letter an investigator came to see him, and that Covington expressed a desire to obtain new counsel.

The quoted letter created, in our view, a situation that justified appellants' believing that new counsel would have been supplied, and thus appellants need not have sought privately retained attorneys.

Although the record is not clear with respect to Copeland, we glean therefrom, that he, throughout the proceedings, was infected with "me-too-ism", in that each time Covington spoke, objected, or in any matter articulated within the courtroom, Copeland would simply state that he agreed with Covington. Although the record does not indicate that Copeland also received a letter from Legal Aid, we do think it clear that his displeasure and dismay with his former counsel was nonetheless as intense as Covington's, and that it would be patently unfair to endeavor, on the facts now before us, to separate the two appellants.

The instant case presents a factual situation that requires us to hold that this is the "extraordinary cause" referred to in § 591 and in *Guarnera* and *Jennings*, both *supra*. In any case involving a request for postponement in order to obtain new counsel, the problem arises of balancing that request against the orderly administration of criminal justice. Judge Mason in *Brown*, *supra*, stated the matter succinctly when he said:

> "We are not unmindful of the fact that many defendants, for surface or hidden reasons, use every artifice or stratagem to unduly delay going to trial. *Nevertheless, the orderly and efficient administration of the court system, and the praiseworthy purpose of prompt and expeditious trials of criminal cases, cannot outweigh the constitutional right of the appellant to be represented by counsel.* These are not incompatible goals, and both can be accomplished within the framework of the statute [Md. Ann. Code art. 27, § 591 (a)] and Md. Rule 719 which provides for the appointment of counsel." (Emphasis supplied).

The reasons for the requested postponement in the case now before us, as the trial judge initially recognized, were embraced within the meaning of the extraordinary. Lest there be any doubt, however, we are not to be misconstrued as retreating from *Guarnera, supra*. We, in fact, specifically reiterate our holding in *Guarnera*, but distinguish it in the light of the "extraordinary cause," presented by the facts of this case.

*Judgments reversed.*
*Case remanded for a new trial.*