# LENDRO BAKER *v.* STATE OF MARYLAND

[No. 866, September Term, 1976.]

*Decided April 14, 1977.*

The cause was submitted on briefs to MOYLAN, POWERS and LOWE, JJ.

Submitted by *Richard W. Moore, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Leroy Handwerger, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Leonard Eiswert, Assistant State's Attorney for Baltimore City,* for appellee.

LOWE, J., delivered the opinion of the Court.

The appellant was convicted by a jury in the Criminal Court of Baltimore of assault with intent to murder, use of a handgun in the commission of a crime of violence, and a

number of related charges. His principal contention upon appeal was that the trial court erred in not allowing him to be represented by the attorney of his choice.

On February 2, 1976, the appearance of William H. Murphy, Jr., Esquire was filed on behalf of the appellant as privately retained counsel. On the trial date, May 25, 1976, Edward Smith, Esquire, an associate in Mr. Murphy's law office, entered his appearance and undertook representation without Mr. Murphy's presence. After the jury had been impaneled on the following day, the appellant objected to being represented by anyone except his privately retained counsel, Murphy, and a continuance was requested. The trial court denied the request, and upon appeal appellant argues that this refusal was an abuse of discretion, relying on *English v. State,* 8 Md. App. 330.

In *English,* the accused became aware that he would be represented by the son of the attorney he had employed only 15 minutes prior to trial. The Court found that, under the circumstances, the failure of the trial court to postpone trial to allow the accused to secure counsel of his choice was an abuse of discretion. By contrast, in the case at bar, substantial judicial proceedings were had with appellant represented by Mr. Smith before the former raised any objection. The record shows that Mr. Smith entered his appearance, represented appellant in attempting to have the latter examined by a physician of his own choice, represented appellant at pretrial hearings on competence, sanity, and suppression of evidence, represented appellant during the reading of the charges and the pleas of not guilty, prayed a jury trial and assisted in the voir dire, all without objection to the fact that he instead of Mr. Murphy was representing appellant. Appellant's acquiescence in Mr. Smith's representation of him until after jeopardy had attached constituted a waiver of his right to be represented by Mr. Murphy. See *State v. Renshaw,* 276 Md. 259, 270; *English v. State, supra,* 8 Md. App. at 336. To hold otherwise would open the door to inordinate possibilities of manipulative abuse of the judicial system. The trial court did not abuse its discretion when it denied appellant's

motion for a continuance. See *State v. Jones*, 270 Md. 388; *Jennings v. State*, 8 Md. App. 321.

Our conclusion that the trial court properly denied appellant's request for a continuance is strengthened by the manner in which Mr. Smith represented appellant at trial. The record reveals that the trial court ordered Mr. Smith to assist appellant, and that Mr. Smith performed all the duties of a defense attorney, including objecting, cross-examining the witnesses and arguing to the jury. Indeed, no objection to the efficiency of Mr. Smith's assistance has been made upon appeal. Accordingly, it is clear that appellant was not denied the effective assistance of counsel. See *State v. Renshaw, supra.*

Appellant's remaining contentions are directed to the charge, evidence and verdict with regard to the offense of malicious destruction of property. Inasmuch as the record clearly shows that the jury acquitted appellant of this offense, and that he was not sentenced for this offense, we need not discuss these assertions.

*Judgments affirmed.*
*Costs to be paid by appellant.*