**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith Brian KELLY, Defendant–
Appellant.**

No. 92–5361.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 30, 1992.

Decided March 24, 1993.

Russell Paul Butler, Ditrani & Butler, argued, Camp Springs, MD, for defendant-appellant.

Hollis Raphael Weisman, Asst. U.S. Atty. (Richard D. Bennett, U.S. Atty., Hyattsville, MD, on brief), for plaintiff-appellee.

Before MURNAGHAN and HAMILTON, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

KAUFMAN, Senior District Judge:

Kelly appeals the order of the District Court affirming Kelly's conviction after a bench trial before United States Magistrate Judge Lombardi. Kelly was convicted of common law attempted theft of property worth less than $300, as adopted from Maryland law under the Assimilated Crimes Act (ACA), 18 U.S.C. § 13, and of loitering in contravention of 45 C.F.R. 3.42. The Magistrate Judge then held that the loitering conviction merged into the conviction for attempted theft, and sentenced Kelly to one year of incarceration, six months of which were suspended, to be followed by one year of supervised release, and imposed a special assessment of $30.

Kelly was interrupted rummaging through a backpack in an office at the National Institutes of Health in Bethesda, Maryland. He was apprehended, and later admitted that he had been "looking for money" to support his drug habit. The owner of the backpack intervened before asportation of any of the property in the backpack. There is no federal statute defining attempted theft.* However, the ACA provides in pertinent part:

> Whoever within or upon [federal property] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such [federal property] is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).

█ In Maryland, an attempt to commit a crime is a common law misdemeanor.

*Cox v. State*, 311 Md. 326, 534 A.2d 1333 (1988). Maryland "has adopted the common law concept that the crime of attempt consists of intent to commit a particular offense coupled with some overt act in furtherance of the intent which goes beyond mere preparation." *Id.*, 311 Md. at 330, 534 A.2d at 1335. The Magistrate Judge concluded that Kelly's conduct constituted an attempt to steal property worth less than $300—a determination supported by the evidence and not the subject of Kelly's within appeal.

Under Maryland law the penalty for attempt "may not exceed the maximum sentence for the crime attempted." Md.Code Ann., Art. 27, § 644A. Theft of property under $300 in value is subject to a maximum penalty of 18 months incarceration. Md.Code Ann., Art. 27, § 342. Kelly's conviction for attempted theft of property under $300 in value would thus appear to subject him to a maximum sentence of 18 months imprisonment. However, because under 18 U.S.C. § 3401, the jurisdiction of magistrate judges extends only to the trial of parties accused of *misdemeanors* who have filed their written consent to proceed before a magistrate judge, and because a misdemeanor at federal law is any offense other than one "punishable by death or imprisonment for a term exceeding one year," 18 U.S.C. § 1, Magistrate Judge Lombardi assumed jurisdiction with the understanding that the maximum sentence of imprisonment imposable by him would be 12 months.

█ Kelly now contends that the Magistrate Judge lacked jurisdiction, *in toto*, to try this case and to sentence Kelly because, under the ACA, federal law cannot assimilate a state common law crime without assimilating all of the maximum punishment provided for that crime under state law. Such selective assimilation, Kelly asserts, violates the "like punishment" clause of the ACA. The government has conceded that if the ACA is read as Kelly suggests, and if, therefore, the maximum

---

* Because Kelly was "caught in the act," he apparently did not complete an act of theft under 18 U.S.C. § 661.

sentence faced by Kelly for his conviction on the charge of attempted theft was not 12 months, but rather 18 months, the Magistrate Judge lacked jurisdiction to try this case. The government also concedes that if Kelly's view of the requirements of the ACA obtains, then Kelly is correct in his further contention that the government was required to proceed against Kelly by way of indictment rather than by complaint.

The Assimilated Crimes Act "does not contemplate selective incorporation" of state criminal law. *United States v. Robinson,* 495 F.2d 30, 33 (4th Cir.1974); *United States v. Kendrick,* 636 F.Supp. 189, 191 (E.D.N.C.1986); *United States v. Holley,* 444 F.Supp. 1361, 1362 (D.Md.1977). However, "federal courts have consistently declined to assimilate provisions of state law through the ACA if the state law provision would conflict with federal policy." *United States v. Davis,* 845 F.2d 94, 99 (5th Cir.1988). *See United States v. Pinto,* 755 F.2d 150, 154 (10th Cir.1985); *United States v. Vaughan,* 682 F.2d 290, 294–95 (2nd Cir.1982), *cert. denied,* 459 U.S. 946, 103 S.Ct. 261, 74 L.Ed.2d 203; *United States v. Smith,* 574 F.2d 988, 992–93 (9th Cir.1978), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978); *United States v. Kendrick, supra.* In *Pinto, Vaughan,* and *Smith,* the courts declined to assimilate state law provisions requiring minimum periods of incarceration before parole, on the ground that such required periods of confinement conflicted with federal policy.

In *Kendrick,* the District Court faced essentially the same question that we face here. There, the defendant had been charged with driving while impaired, a misdemeanor at North Carolina law which carried a maximum penalty of two years imprisonment. Judge Dupree determined that the case could properly be tried before a magistrate judge and that the maximum penalty imposable by the magistrate would be 12 months imprisonment. In so doing, Judge Dupree noted that the general policy against selective incorporation under the ACA is subject to the exception permitting federal courts to decline to assimilate into federal law "a state penal statute or portion thereof which is in conflict with federal policy." 636 F.Supp. at 191.

In *United States v. Davis, supra,* 845 F.2d at 99, Judge Johnson noted that the word "same" was used in an earlier version of the ACA, rather than, as at present, the word "like" and that " 'same' requires identity while 'like' requires similarity." Judge Johnson also stressed and applied the exception to the rule against selective incorporation, namely the need to promote federal policy. We follow that approach at this time. As Judge Dupree concluded in *Kendrick,* it simply makes good sense to permit the kind of case presently before us in this appeal to be tried by a Magistrate Judge. That can be accomplished, as in *Kendrick* and in this case, by limiting the maximum sentence which the Magistrate Judge can impose in accord with 18 U.S.C. §§ 3401 and 1. In *United States v. Robinson, supra,* 495 F.2d at 33—a case which seemingly also involved a challenge concerning a magistrate's jurisdiction—our opinion referred only to the ACA's non-selective application. In *Robinson,* we did not reach or mention the federal policy exception or seemingly have before us the type of federal policy contention stated by the government in this appeal. That policy contention relates to the need to promote the efficiency of our federal criminal process by permitting offenses of the type herein involved to be tried by a Magistrate Judge and by not requiring all such offenses to be tried before a federal District Judge. The need in that regard underlies the Congressional determination to confer certain jurisdiction upon Magistrate Judges and speaks for itself. Accordingly, we hold that the trial of this criminal action was within the jurisdiction of the United States Magistrate Judge and that the United States was not required to proceed against Kelly by means of an indictment.

*AFFIRMED.*