**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4012

BERNARD PAYNE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-457)

Submitted: March 18, 1997

Decided: June 2, 1997

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly A. Moses, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert Jay Groner, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bernard Payne pled guilty to operating a motor vehicle after his license had been revoked, in violation of 26 C.F.R.§ 4.2 (1996), assimilating Va. Code Ann. § 46.2-301 (Michie 1996).**1** Following his conviction, the magistrate judge sentenced Payne to two years of supervised probation with the following special conditions: to attend and complete an alcohol education program; to attend and complete a driver improvement course; and, to not operate a motor vehicle without a valid license.**2**

Payne appealed his sentence to the district court, asserting that the imposed sentence violated state law, and was excessive and unwarranted. The district court affirmed Payne's sentence. Payne now appeals his sentence to this court, challenging the length of the supervised probation period and the special terms imposed in connection therewith. We affirm.

Because Payne did not voice these objections at sentencing, we review the issue under the plain error standard. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). An appeals court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 736-37; See United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). We have found no such error.

The Assimilative Crimes Act ("ACA") provides that "in the absence of a governing federal statute, a person who commits a state crime on a federal enclave `shall be guilty of a like offense and sub-

_____

**1** This offense is a Class B misdemeanor under 18 U.S.C. § 19 (1994).
**2** Prior to imposing sentence, the magistrate judge reviewed Payne's driving history, which revealed several tickets for speeding and an arrest for driving while under the influence.

2

ject to a like punishment.'" United States v. Pierce, 75 F.3d 173, 176 (4th Cir. 1996) (quoting 18 U.S.C. § 13(a) (1994)); see United States v. Harris, 27 F.3d 111, 115 (4th Cir. 1994)). The term "like punishment," does not require the imposition of an identical sentence to one that a defendant might have received if sentenced in state court, only a similar sentence. United States v. Kelly, 989 F.2d 162, 164 (4th Cir. 1993). Moreover, federal courts acting pursuant to the ACA will not assimilate state sentencing procedures that conflict with a federal sentencing policy. See Pierce, 75 F.3d at 176; Kelly, 989 F.2d at 164.

In Virginia, the punishment for a defendant's first conviction for driving with a revoked license, a misdemeanor offense, is imprisonment for a term of up to six months and/or a maximum $1000 fine. See Va. Code Ann. §§ 18.2-11(b), 46.2-301(C) (Michie 1996). However, following a misdemeanor conviction, a Virginia sentencing court has the discretion to suspend all or part of a defendant's sentence and to impose a term of probation "under such conditions as the court shall determine." Va. Code Ann. § 19.2-303 (Michie 1995). Because a defendant may be placed on probation, following a suspended sentence, without being required to serve an active prison sentence, we find the district court's imposition of supervised probation without imposing a term of imprisonment to be "like punishment" as required under the ACA.

Payne also contends that his sentence of supervised probation for two years is excessive. We disagree. First, the federal statutory maximum term for probation following a misdemeanor conviction is five years. See 18 U.S.C. § 3561(c)(2) (1994). Second, Virginia does not set a maximum probation term that may be imposed following a misdemeanor conviction. See Va. Code Ann. § 19.2-303 (granting court the discretion to place the person on probation for such time as the court shall determine).

Next, Payne challenges the reasonableness of two of the special conditions imposed as a part of his supervised probation. The court ordered Payne to complete an alcohol education program and a driver improvement program. We find these special conditions to be reasonably related to the nature and circumstances of the instant offense, especially considering Payne's driving history consisting of a driving

3

while under the influence charge and multiple speeding charges. <u>See</u> 18 U.S.C. §§ 3553, 3563(b)(10), (22) (1994).

Payne's final challenge to his sentence is based on his contention that the court did not give an explicit reason on the record for imposing this particular sentence. It is well established that sentencing is within the sole province and discretion of the trial judge, and if within statutory limits, is generally not subject to appellate review. <u>See</u> <u>United States v. Owens</u>, 902 F.2d 1154, 1157 (4th Cir. 1990); <u>United States v. Pruitt</u>, 341 F.2d 700, 703 (4th Cir. 1965).

Here, the court stated that it would rely on Payne's driving record when sentencing. Further, during sentencing, the court discussed at length Payne's prior offenses, non-payment of previously-imposed fines, and the fact that Payne had not attended an alcohol education program following his conviction for driving while under the influence. We find that the court's colloquy sufficiently established the basis for imposing Payne's sentence. And because the sentence imposed is within the statutory limits, we will not subject it to further appellate review.

We have reviewed the record and found no plain error; therefore, we affirm Payne's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4