**UNITED STATES of America**

v.

**Robert E. MONTIGUE, Defendant.**

**No. 404M310.**

United States District Court, E.D. Virginia, Newport News Division.

Feb. 16, 2005.

---

David Redden, Esq., p.q., Newport News, VA, for defendant.

Dee M. Sterling, Esq., p.d., Assistant United States Attorney, Norfolk, VA, for plaintiff.

## MEMORANDUM OPINION

MILLER, United States Magistrate Judge.

On November 18, 2004, Defendant, Robert E. Montigue, plead guilty to a criminal information charging him with driving while his blood alcohol was in excess of 0.08 grams per 210 liters of breath, as proscribed by Va.Code § 18.2–266 (2004), assimilated under the Assimilative Crimes Act, 18 U.S.C. § 13 (2004). The violation occurred on Langley Air Force Base, within the special maritime and territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7 (2004). Defendant's blood alcohol was measured to be 0.22 grams per 210 liters of breath according to the presentation of evidence to support the guilty plea. The violation of Va.Code § 18.2–266 (2004) is punishable as a Class 1 misdemeanor with a mandatory minimum fine of $250. Va.Code § 18.2–270 A (2004). The maximum possible sentence that can be imposed for a Class 1 misdemeanor is twelve months in jail and a $2,500 fine. Va.Code § 18.2–11(a) (2004).

Because Defendant's blood alcohol was in excess of 0.20 grams per 210 liters of breath, the Court must impose, under Virginia law, ten days of mandatory minimum confinement in jail, under Va.Code § 18.2–270 A (2004), and a mandatory minimum fine of $500. Finally, Defendant had previously been convicted of driving under the influence of alcohol within the past ten years, specifically in the General District Court for the City of Hampton, Virginia in 1997, and, as such, the Court must impose an additional mandatory minimum of twenty days and a $500 fine. Va.Code § 18.2–270 B 3 (2004). The total mandatory minimum sentence, then, that is prescribed under Virginia law is thirty days of confinement in jail and a total of $1,000 in fines. *See* Va.Code § 18.2–270 (2004). Under federal law, a special assessment of

$25 must also be imposed. 18 U.S.C. § 3013(a)(1)(A)(iii) (2004).

## I.

■ The case law interpreting penalties imposed under the Assimilative Crimes Act, 18 U.S.C. § 13 (2004) is instructive. First, when a state sentencing law calls for a mandatory minimum sentence, this Court must impose that mandatory minimum. *United States v. Harris,* 27 F.3d 111, 115 (4th Cir.1994). The maximum and minimum mandatory sentences as defined by the state law are fixed parameters for the federal courts. *Id.* at 115. However, "[a] federal judge, like his state counterpart, has discretion to impose a sentence *within the state statutory limits.*" *Id.* (emphasis added). *See also United States v. Pierce,* 75 F.3d 173, 176 (4th Cir.1996).

■ After adhering to the state statutory limits, however, federal sentencing policy prevails. The imposition of a sentence in accordance with the U.S. Sentencing Guidelines ("USSG" or "Sentencing Guidelines") under the Assimilative Crimes Act "does not encompass every incident of a state's sentencing policy." *Harris,* 27 F.3d at 115. *See also United States v. Smith,* 574 F.2d 988, 991–92 (9th Cir.1978). The Assimilative Crimes Act requires "only that the punishment be similar, not identical." *Pierce,* 75 F.3d at 176. *See also United States v. Kelly,* 989 F.2d 162, 164 (4th Cir.1993), *cert. denied,* 510 U.S. 854, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993). Further, Fourth Circuit precedent also tells us that "state law may provide the mandatory minimum or maximum sentence, *but the federal sentencing guidelines determine the sentence within these limits.*" *Harris,* 27 F.3d at 115 (quoting *Pierce,* 75 F.3d at 176) (emphasis added).

## II.

■ Mindful that the Court must act within the minimum and maximum sentence range as defined in the Virginia statute, the question then becomes whether the term "confinement in jail" in Va.Code § 18.2–270 A & B 3 (2004) can be read to include a term of home detention when this home detention would be imposed in accordance with the federal Sentencing Guidelines. Fundamentally, the tension is one between the letter of the state statute versus federal sentencing policy. In federal court, the federal sentencing policy will prevail, though any sentence must still be imposed within the state statutory limits. *Harris,* 27 F.3d at 115; *Pierce* 75 F.3d at 176; *and see Smith,* 574 F.2d 988, at 991–92.

Although the Virginia statute specifically calls for "confinement in jail" for a certain number of days, the Assimilative Crimes Act does not require this Court simply to cut and paste that language into its Sentencing Order. *See* Va.Code § 18.2–270 (2004); 18 U.S.C. § 13 (2004). *See also* Discussion in Part I, *supra.* The Government would have the Court impose the Virginia mandatory minimum sentence of thirty days of confinement *in jail* without deviation. Gov't Br. at 2, 5. The Federal Public Defender ("FPD"), as *amicus,* argues that there is flexibility in the U.S. Sentencing Guidelines and the policy rationales behind them. FPD Br. at 7.

## III.

The Sentencing Guidelines allow this Court to impose a sentence of home detention under the Schedule of Substitute Punishments. United States Sentencing Commission, *Guidelines Manual,* § 5C1.1(e)(3) (Nov.2004). Specifically, "one day of home detention [may be substituted] for one day of imprisonment." *Id.* Assimilative crimes prosecuted under the Assimilative Crimes Act often are not specifically covered by the Sentencing Guidelines, and sometimes, as in this case, there is no sentencing

guideline that correlates to the violation. USSG § 2X5.1. In such a case, the Sentencing Guidelines call for an application of the offense guideline that is "most analogous" to the offense. No such "most analogous" guideline exists. *See* USSG § 2X5.1 & Commentary. The Government concedes this. Gov't Br. at 8. In such cases, 18 U.S.C. § 3553(b) governs, instructing the Court to impose "an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553] subsection (a)(2) . . ." The statute, calling for an "appropriate sentence," requires this Court to evaluate the need for the sentence imposed, the seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence from criminal conduct, protection of the public, and Defendant's need for "educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2) (2004). The Government invites the Court to engage in this analysis. Gov't Br. at 8.

It is the opinion of this Court that Defendant's needs for effective correctional treatment include his continued employment, and that this is a significant factor that will aid in his rehabilitation, as well as enable him to pay the mandatory fine. In addition, the defendant's first driving under the influence conviction was almost eight years ago. Nevertheless, Defendant's acts are certainly not condoned. A balanced sentence is, therefore, appropriate to both punish Defendant, to deter future similar conduct on his part, and also to allow for the Sentencing Guidelines to be given their full rehabilitative effect. This is a matter of federal sentencing policy. *See* USSG §§ 2X5.1 & Commentary, *and* 18 U.S.C. § 3553 (2004).

## IV.

At once, the Government claims that the Sentencing Guidelines are applicable to this case, Gov't Br. at 4, but also that there are no applicable guidelines available. Gov't Br. at 8. Federal correctional policies are applicable in assimilative crime cases, and this includes the Sentencing Guidelines. *See* USSG § 2X5.1 & Commentary ("The sentencing guidelines apply to convictions under 18 U.S.C. § 13 (Assimilative Crimes Act) . . . ."). Contrary to the Government's contention that home detention is not available to this Court as a potential sentencing option, under the Sentencing Guidelines, it is indeed available. *See* USSG § 5C1.1(e). While it is true that home detention is available as a condition of probation or supervised release, this Court is imposing a period of imprisonment, part of which Defendant will serve in home detention. *See* USSG § 5C1.1 ("Imposition of a Term of Imprisonment"). The Government indicates in its Brief that the plain meaning of "mandatory minimum" requires imprisonment. Gov't Br. at 6; Gov't Reply Br. at 1–2. This is correct, and Defendant will receive a term of imprisonment consistent with the Sentencing Guidelines. When the term of imprisonment expires the defendant will serve one year of supervised release.

The sentence for Defendant is not a selective incorporation of state criminal laws, which is not the purpose or intent of the Assimilative Crimes Act, but rather this is a sentence which comports with the Assimilative Crimes Act's assimilation of state law *and* with federal sentencing policies. *See, e.g., United States v. Teran,* 98 F.3d 831, 834 (5th Cir.1996) (holding that the sentencing judge's discretion is guided by the federal sentencing law and not the state law and holding that when state law conflicts with federal policy, federal courts need not adopt those provisions). *See also id.* at 834–35 (citing *Kelly,* 989 F.2d at 164, regarding the prohibition against selective incorporation). Both the assimilation of the law and the federal sentencing policies

are important, and the Court must consider them both when rendering its decision.

There are additional federal sentencing policy reasons which require application of USSG § 5C1.1(e) in this case. The special maritime and territorial jurisdiction of criminal cases in the United States in the Eastern District of Virginia is significant and varied. For example, driving under the influence is prohibited in different ways on different federal property in the Newport News Division of this court. At Fort Monroe, Fort Eustis, Langley Air Force Base, the U.S. Naval Supply Center, and Camp Peary, driving under the influence cases are prosecuted using Virginia law as provided by the Assimilative Crimes Act, 18 U.S.C. § 13. Driving under the influence on the Colonial National Historical Parkway is prosecuted under 36 C.F.R. § 4.23 as a petty offense for which the maximum punishment is six months in jail, a $5,000 fine and a $10.00 special assessment with no application of the Virginia mandatory minimum sentence. *See also* 36 C.F.R. § 1.3 (2005). These federal punishments vary depending on which property the driving occurs.

A federal defendant under the facts of this case would be subject to the mandatory minimum 30–day jail sentence if he were driving on the above-named military bases but not if he were on the Colonial Parkway. Since the Colonial Parkway transects the Naval Weapons Station, such a defendant's possible punishment would depend on whether he were stopped by a park ranger on the Parkway or if he turned off the Parkway and was stopped a few yards away at a gate to the Naval Weapons Station. Therefore the Court will follow federal sentencing policy and law in an effort to minimize the inconsistencies between state law assimilated by federal law and federal regulations.

Finally, Virginia law regarding the conditions for or application of home detention is not applicable to this case. The Government and the *amicus* cite to *Cuffee–Smith v. Commonwealth*, 39 Va.App. 476, 574 S.E.2d 294 (2002), as precedent weighing against the ability of Virginia courts to sentence defendants to home detention. This Court's FINDS that federal sentencing policy and law, as a matter of congressionally-mandated policy, must be applied, but, in addition, the state statute is assimilated and dictates the minimum and maximum statutory terms of confinement or fines.

## V.

For the foregoing reasons, the Defendant was sentenced in a separate Judgment Order to a term of imprisonment of 60 days, 10 of which are to be served in the custody of the Bureau of Prisons, and 50 of which are to be served in home detention, as a substitute for imprisonment. A fine of $1,000 is imposed with an additional $25.00 special assessment. Further, the defendant's privilege to operate a motor vehicle within the special maritime and territorial jurisdiction of the United States is suspended for three years, pursuant to 18 U.S.C. § 13(b)(1). Upon release from the term of imprisonment the defendant is sentenced to one year of supervised release with the standard conditions of supervised release, as well as the special condition that the defendant is prohibited from operating a motor vehicle on a public highway for one year, and that the defendant receive alcohol education and treatment as directed by the probation officer at defendant's expense.

The Clerk shall mail a copy of this Order to all counsel of record, to the United States Marshal at Norfolk, Virginia and to the United States Probation Office at Newport News, Virginia.